See also, 2 Cir., 480 F.2d 293.

**UNITED STATES of America,**
**Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-**
**CHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

Jan. 4, 1974.

Cravath, Swaine & Moore, New York City, for defendant IBM by Bruce Bromley, Thomas . D. Barr, F.A.O. Schwarz, Jr., Nicholas de B Katzenbach, Armonk, N. Y., Robert Mullen, Ronald S. Rolfe and George A. Vradenburg, III.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, by Simon H. Rifkind, Edward N. Costikyan and Mark A. Belnick, New York City, of counsel, for defendant and applicant for intervention.

MEMORANDUM

EDELSTEIN, Chief Judge:

Cravath, Swaine & Moore (Cravath), attorneys representing defendant IBM, seeks to intervene in the above captioned

action. The application for intervention pursuant to Fed.R.Civ.P. 24 is but another branch of the ever spreading tree of litigation emanating from this court's Pretrial Order No. 5.

The background and litigation history of Pretrial Order No. 5 was set out in this court's opinion of August 1, 1973, and, therefore, need not be repeated. United States v. IBM, 60 F.R.D. 658 (S. D.N.Y., Aug. 1, 1973). Nevertheless, some discussion of the circumstances leading up to the hearing held on July 16, 1973 pursuant to Local Civil Rule 14(b) is desirable.

On June 13, 1973 the United States Supreme Court issued an order refusing to stay Pretrial Order No. 5 and the mandate of the court of appeals. Thereafter, on June 25, 1973 this court, at the request of the United States, ordered IBM to show cause on June 28, 1973 why it should not be found in civil contempt for its continued refusal to comply with Pretrial Order No. 5. On the return date for the order to show cause the court heard argument on the question of contempt. At that time counsel for defendant requested that a hearing be held pursuant to Local Civil Rule 14(b) on the issue of IBM's contempt and the damage thereby occasioned.

By order dated July 3, 1973, the court scheduled a hearing pursuant to Local Civil Rule 14(b) for July 16. The hearing was "limited to the issues of the fine and damages to be assessed against defendant for its alleged contempt of this court's order, Pretrial Order No. 5 . . . . " Subsequently, defendant sought discovery from the Department of Justice with respect to the damages allegedly caused by its failure to comply with Pretrial Order No. 5. The Justice Department then moved for a protective order. After a hearing on July 10, the court granted plaintiff's motion for a protective order regarding IBM's noticed deposition of the Antitrust Division of the Department of Justice for July 11, and quashed a subpoena duces

tecum also addressed to the Antitrust Division. Defendant, however, was "given leave to propound narrowly focused interrogatories and request[s] for documents addressed specifically to the issue of damages to the United States occasioned by defendant's failure to comply with this court's Pretrial Order No. 5." Additionally, the court made it clear in the memorandum accompanying its order that if depositions became necessary, "then, on a proper application by IBM, such depositions will be permitted." In the same order the court severed the question of damages from the hearing scheduled for July 16, so that the discovery permitted by the court would not delay the hearing on the issue of a fine.

On July 16, 1973, the court conducted a hearing pursuant to Local Civil Rule 14(b), as limited by the orders of July 3 and July 10. On August 1, 1973, this court rendered its decision holding IBM in civil contempt and imposing a fine of $150,000 a day for its continued failure to comply with Pretrial Order No. 5.

Thereafter, IBM and Cravath sought appellate review of the contempt order in the United States Court of Appeals for the Second Circuit. The court of appeals stayed Pretrial Order No. 5 pending its determination of the appeal and application for an extraordinary writ.

On December 17, 1973, the court of appeals dismissed the appeal and denied the petition for mandamus. Additionally, the circuit court unequivocally stated that "Cravath's attempted intervention in the contempt proceeding is not properly before this court." International Business Machines Corp. v. United States, 493 F.2d 112, at 120 (2d Cir. 1973). Judge Oakes, writing for the majority, gave two rationales for this conclusion. First, contrary to the position asserted by appellants that this court implicitly denied the intervention motion, Judge Oakes found that "[t]he application for intervention was never determined by the court below, because the ap-

plication was not filed until the morning of the hearing on July 16, 1973." *Id.* at 120.

Secondly, the appeals court concluded that "intervention questions like every other aspect of Government civil antitrust cases are reviewable only in the Supreme Court on direct appeal under the Expediting Act." *Id.*

On December 18, 1973, this court received a letter from Simon H. Rifkind, Esq., a member of the law firm of Paul, Weiss, Rifkind, Wharton & Garrison, attorneys representing both IBM and Cravath, the applicant for intervention. The letter requested this court to set "a date and time for a hearing on the intervention motion of Cravath, Swaine & Moore."

Although characterized as a "motion" by Mr. Rifkind, the intervention application was originally brought on by an order to show cause. The order to show cause was submitted to this court at 10:10 A.M. on the morning of July 16, 1973 and was made returnable at 11:00 A.M. that same day, the time at which the hearing under Local Civil Rule 14(b) was scheduled. When the hearing was convened, this court stated:

> At 10:10 this morning in my chambers I received a batch of papers. It should be clear that this recent application to intervene has not afforded the court an opportunity to review papers in the underlying documents. Accordingly, that application will not be heard now.

Transcript of July 16, 1973 at 2. The court is at a loss to understand why the application to intervene was submitted fifty minutes before the requested return time. Cravath asserted before the court of appeals that its intervention application was timely because it was "forthwith filed" when it became apparent that the

> Government renounced its prior position and sought to block any appeal of Pretrial Order No. 5 by demanding devastating contempt sanctions against IBM, and resisting Cravath's

application for a plainly appealable contempt order.

When that unseemly reversal occurred, it became apparent—*for the first time* since Cravath began its journey to the appellate courts—that Cravath could not protect its own interests without intervening.

Memorandum on Behalf of Cravath, Swaine & Moore Concerning Denial of Its Motion to Intervene at 10, International Business Machines Corp. v. United States, 493 F.2d 112 (2d Cir. 1973) (emphasis in original).

Even assuming *arguendo* that the Government's apparent change in position regarding a plainly appealable contempt order was the impetus for the application to intervene by Cravath, this does not explain why the application was submitted at the proverbial eleventh hour. IBM was served with this court's order to show cause why it should not be held in *civil* contempt for its failure to comply with Pretrial Order No. 5 on June 25, 1973. Consequently, Cravath had notice of plaintiff's intention to seek a *civil* contempt sanction against defendant at least twenty days before the July 16 hearing. Moreover, viewing all the facts and circumstances surrounding the July 16 hearing most favorably to defendant, it was unequivocally clear as of July 10, when this court ordered the hearing scheduled for July 16 to go forward limited to the question of a coercive fine and severing the issue of damages so that IBM could obtain discovery, that this court was considering a civil sanction against defendant. Accordingly, it is difficult if not impossible to understand why Cravath failed to apply for intervention earlier.

Under Local General Rule 9(c)(2) motions must be served at least ten days prior to the return date. Had Cravath acted after being served on June 25, 1973 with this court's order to show cause, it would have had ample time to bring on its application for intervention by ordinary notice of motion. Even if it waited until July 10 to apply for inter-

vention, it could have brought its intervention motion on by a procedurally appropriate order to show cause prior to July 16.

The court has never signed the order to show cause submitted on July 16. Local General Rule 9(c)(4) provides as follows: "No order to show cause to bring on a motion will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why procedure other than by notice of motion is necessary." Since the order to show cause why Cravath should not be permitted to intervene as of right failed to comply with Local General Rule 9(c)(4), it will not be signed by the court.

Although the court agrees with the characterization of Judge Oakes that the intervention motion was merely a device "to permit the lawyers to be adjudged in token contempt to provide an appellate vehicle and thereby escape the thrust of International Business Machines Corp. v. United States, 480 F.2d *supra*." International Business Machines Corp. v. United States, 493 F.2d 112, at 120 (2d Cir. 1973), this view is not intended to prejudice the applicant's right to bring on a motion to intervene in proper form.